IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GILL, N10443 | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| DR. SIDDIQUI, *et al.* | ) ) ) |
| Defendants. | ) ) |

Case No. 19-cv–01101-DWD

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Tyrone Gill, an inmate of the Illinois Department of Corrections ("IDOC") currently being held at Menard Correctional Center ("Menard"), has filed what he terms as a "Motion asking this Honorable Court to protect Plaintiff from the Retaliation he has been continually confront (sic) with by the Staff here at Menard." (Doc. 46). Plaintiff also requests a transfer. Plaintiff's motion is in all practicality a request of this court to grant him preliminary injunctive relief.

After initial screening, Plaintiff is proceeding in this case on two counts:

> **Count 1:** Eighth Amendment claim against Siddiqui, Moldenhauer, Caldwell, Lashbrook, Coe and Wexford for deliberate indifference to a serious medical need while at Menard.
>
> **Count 2:** Eighth Amendment claim against Kink, Brookhart, Ahmed, Pittman, Stove S. and Wexford for deliberate indifference to a serious medical need while at Lawrence.

1

(Doc. 11). Plaintiff is seeking monetary relief.

In the present Motion, Plaintiff alleges that nonparty Correctional Officer Barley has been retaliating against Plaintiff for filing a lawsuit against his friends. (Doc. 46, p. 1). Specifically, Plaintiff alleges Barley improperly "shook down" (searched) his cell without a shakedown slip and destroyed a number of his legal documents. (*Id.*, pp. 2-3). Plaintiff states that he tried to filed grievances against Barley, which were discarded because the grievance counselor is a friend of Barley. (*Id.*). Finally, Plaintiff believes that Barley is planning to file a false disciplinary report against him. (*Id.*, p. 3).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). See also *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.").

To obtain preliminary injunctive relief, Plaintiff must establish that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*

"[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that

underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *Ayala v. Kruse*, No. 219CV00348JPHMJD, 2020 WL 4904761, at *2 (S.D. Ind. Aug. 20, 2020); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Here, Plaintiff's retaliation claim is different from the Complaint in both character of relief sought and the type of constitutional injury alleged, making a preliminary injunction inappropriate. Plaintiff seeks only monetary relief in this case; injunctive relief is a much different remedy and is therefore precluded. See *Daniels v. Dumsdorff*, No. 19-CV-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019). Additionally, Plaintiff's underlying claims in this case relate solely to Eighth Amendment deliberate indifference to a serious medical condition. While Plaintiff may have a First Amendment retaliation claim against C/O Barley and the grievance counselor that could form the basis for a separate suit, such claims are distinct from the lawsuit(s) that provided motive for the alleged retaliatory actions. Motions for preliminary injunction are not vehicles to add additional claims or parties to a lawsuit. As such, preliminary injunctive relief is inappropriate.

## Disposition

For the foregoing reasons, Plaintiff's Motion (Doc. 46) is **DENIED**. Plaintiff's Motion for Status (Doc. 47) and Motion Requesting Clarification (Doc. 49) are **GRANTED**; a scheduling order will issue separately.

**IT IS SO ORDERED.**
**DATED: October 20, 2020**

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ David W. Dugan
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　**DAVID W. DUGAN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**U.S. District Judge**