IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GILL, | |
| **Plaintiff,** | |
| v. | Case No. 19-cv-1101-DWD |
| MOHAMMED SIDDIQUI, *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's motion to amend motion for reconsider of appointment of counsel (Doc. 63) and motion for counsel (Doc. 64). Plaintiff submitted a trust fund statement, indicating that he cannot afford counsel (Doc. 62). Plaintiff indicates that he suffers from diminished mental capacity and behavioral disturbances that impair his ability to grasp certain concepts.

Defendants have also filed a motion to compel (Doc. 66), seeking responses to their discovery requests. Plaintiff states that he needs the help of counsel to respond to Defendants' requests (Doc. 68).

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th

Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff paid the filing fee for this case in full, so he is not proceeding *in forma pauperis*, but he is incarcerated and lacks the financial resources to hire an attorney (Doc. 62). The Court finds that he cannot afford to hire counsel. *See* 28 U.S.C. § 1915(e)(1). He has also met his threshold burden of attempting to obtain counsel on his own (*See* Doc. 3).

As to his ability to represent himself, his filings have been well written and easy to understand. His Complaint was well written and organized with specificity. His Complaint also demonstrated an understanding of his medical condition and available tests and treatments, including those he received and those he believes he should have received. He also responded to Defendants' motion to compel, arguing that merits discovery had not yet started, demonstrating an understanding of the litigation process. The Court finds him capable, at least at this stage, of beginning merits discovery. He is capable of responding to Defendants' discovery requests and submitting discovery requests to the Defendants. Accordingly, his requests for counsel (Docs. 62, 63, and 64) are **DENIED**.

Now that the Court has entered a scheduling order and found that Plaintiff is capable of responding to Defendants' discovery requests on his own, the Court **GRANTS** Defendants' motion to compel (Doc. 66) and **DIRECTS** Plaintiff to respond to all outstanding discovery requests by **December 9, 2021**.

**IT IS SO ORDERED.**

**DATED:**  November 9, 2021

                                           **DAVID W. DUGAN**
                                           **U.S. District Judge**